MANBECK MOTOR SALES COMPANY, Appellee, v. CHARLES L. DAVIS et al., Appellants.

No. 42056.

November 21, 1933.

Rehearing Denied March 9, 1934.

L. S. Forrest, for appellants.

Owen Cunningham, for appellee.

Evans, J.—It appears that, some time in the month of June, the car in question suffered an injury from a collision with another vehicle. The details of the accident are not disclosed in the record further than that the defendant had no connection with it. Upon learning of the accident, the plaintiff took possession of the car without consultation with the defendant and proceeded to a repair thereof. Later it notified the defendant that it had incurred an expense of $168 for repairs and demanded payment therefor. The defendant denied the reasonableness of the repair bill, and the plaintiff refused to restore possession of the car unless payment of the repair bill were made or its validity be acknowledged in writing. Such writing so demanded was to include an agreement of payment at the rate of $10 per month. The plaintiff justifies its action under section 5, of the conditional sales contract, which provides as follows:

"5. That *he will deliver* said motor vehicle to the Seller during the usual business hours of the day, at least once each month for the

purpose of permitting a thorough inspection thereof. The Seller may make repairs deemed necessary for the preservation of the car in good working order and for these purposes the Seller may retain possession of the said Motor Vehicle a reasonable length of time. The Seller shall have a lien hereunder for the reasonable value of such repairs."

Notwithstanding that the plaintiff alleged in its petition that no installment had ever been paid by the defendant, it appeared conclusively upon the trial that the June installment had been paid in full. At the time the plaintiff asserted its right to demand the repair bill to the amount of $168, the defendant was not in default. The next due date of an installment was July 15. The demand of the plaintiff for $168 preceded that date. The defendant claims a breach of the contract by the plaintiff prior to July 15, in that the plaintiff made an unreasonable and unlawful demand upon him as a condition precedent to its own performance of the contract. Because of such breach by plaintiff, the defendant claims the right to declare a rescission of the contract. The plaintiff used one witness, Frazier, its shop foreman, to prove the reasonableness of its repair account. Descriptive of the damage sustained by the car, he testified:

"The fender-well, axle, frame, windshield glass and front spring, I believe was broken. I don't believe anything else in particular that I can name."

The evidence of this witness is very uncertain and unsatisfactory. The decree of the trial court allowed this repair account only in part. The reduction by the court of the amount, as claimed by the plaintiff, was justified. Whether the reduction should have been still greater, we need not determine. A decree was entered for a reduced amount against the defendant. It appears from the abstract that execution was immediately issued under the decree and the automobile sold thereunder to Manbeck for $100. That the demand made by the plaintiff on its repair account was unreasonable seems to us very clear upon the record. The legal effect of it was to excuse further performance by the defendant, and likewise to render it useless for the purposes of the contract. The attitude of the plaintiff was necessarily that it would not restore or perform unless the defendant submitted to its unreasonable demand.

Assuming that the automobile brought under execution sale its

approximate value, it was quite unreasonable in the plaintiff to incur an expense of $168 upon an automobile which would be worth after its repair substantially less than the cost of the repair. It appears that, in the repair of this car, free use of new parts was made. The natural effect of the use of such new parts was to render the automobile in a better and newer condition than it was before the accident. This was doubtless unavoidable to some extent. But we are impressed from a reading of the evidence that the restoration of this vehicle to its former condition could have been made at a much less expense than that incurred and demanded by the plaintiff. The unwarranted retention of the possession of the automobile by the plaintiff relieved the defendant from the necessity of restoration for the purpose of rescission. The defendant did disclaim to the plaintiff all claim upon the same. The breach of the contract by the plaintiff entitled the defendant to declare a rescission. The procedure adopted by the plaintiff in violation of the contract worked a rescission on its part at the election of the defendant.

We reach the conclusion that its petition in equity ought to have been dismissed on that ground.

II. The wife of the principal defendant is also impleaded. She signed the note as surety. Decree was entered against her as well as against her husband. There is an infirmity in the form of the decree in that the two judgments appear as cumulative. In view of the conclusion we reach on the other feature of the case, we need give no attention to the particular form of the decree.

The decree entered below must accordingly be reversed.

ALBERT, C. J., and KINDIG, DONEGAN, and CLAUSSEN, JJ., concur.